[No. 18324.   Department Two.   December 1, 1924.]

FARMERS STATE BANK OF KAHLOTUS, *Appellant,* v. PACIFIC GRAIN COMPANY, *Respondent.*[1]

ELECTION OF REMEDIES (3)—ACTS CONSTITUTING ELECTION. Where a mortagee of a crop of wheat, which the mortgagor had sold to another, elected to foreclose its mortgage and procured the appointment of a receiver, who took possession of and sold the crop for the benefit of the mortgagee, it cannot maintain an action against the intending purchaser of the crop for the difference between the price it had agreed to pay and the price obtained by the receiver at the foreclosure sale.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered August 24, 1924, dismissing an action on contract, tried to the court. Affirmed.

*Chas. W. Johnson,* for appellant.

[1]Reported in 230 Pac. 648.

BRIDGES, J.—By this action the plaintiff sought to recover a judgment against the defendant for something over $2,100, that sum representing the alleged difference between the price the defendant had agreed to pay for certain wheat on which the plaintiff had a mortgage and the price the wheat actually sold for, when the defendant failed to carry out its contract of purchase. The facts are stipulated and are these: one Simon Miller owned some growing wheat, and he mortgaged it and other personal property to the appellant. Ultimately there were some labor and other liens against the same wheat. About the time the wheat was threshed, Miller entered into an agreement with the defendant whereby the latter was to purchase it for a designated sum per bushel. At about that time, at Miller's request, the defendant advanced him on the purchase price of the wheat $2,600. With this money, Miller purchased an automobile and a threshing machine and mortgaged them both to the plaintiff, but it does not appear whether this mortgage secured the previous debt or a new one. Miller continued at all times in possession of the wheat land and the wheat until it was delivered to the defendant by him, pursuant to the contract of sale. The contract price of the wheat was $4,557.43. No part of this amount was then paid to Miller or anyone else except the previous advancement of $2,600.

It was about this time that the plaintiff brought its suit to foreclose its mortgage against the wheat and other crops; and about the same time, various other suits were instituted to foreclose various liens on the wheat. These were all consolidated into the foreclosure suit previously brought by the plaintiff. In this consolidated action, a receiver was appointed to take possession of and conserve Miller's property. It is stated

that the receiver's powers were limited, but it nowhere appears to what extent.

After his appointment, the receiver demanded of the defendant the payment to him of the whole of the purchase price of the wheat, without any deductions for advancements theretofore made to Miller. The defendant tendered the purchase price, less the advancements, which the receiver refused to accept. Pending the trial of the consolidated action, in some way not clearly shown, the receiver took possession of the wheat, and afterwards the court entered a decree foreclosing the various liens and mortgages, establishing priorities thereof and directed that the wheat be sold for the purpose of satisfying the various judgments. Thereupon the receiver sold the wheat at the then market price, receiving therefore $2,454.25, being about $2,100 less than the price for which it was originally sold to the defendant. After the application of the moneys in the hands of the receiver, a considerable balance was still owing the plaintiff on account of the secured indebtedness. The plaintiff then demanded that the court make an order directing the receiver to institute suit against the defendant for the difference between the amount which it had agreed to pay for the wheat and the amount for which it was finally sold by the receiver. The court refused to make this order, but expressly reserved to the plaintiff the right to pursue any remedy which it might deem itself entitled to in connection with its interest in the wheat involved. Thereupon the latter instituted this suit.

At the time of the trial of the consolidated action, and prior thereto, the plaintiff had become advised as to the contract between Miller and the defendant, and also that the defendant had advanced Miller $2,600 on the purchase price of the wheat. The plaintiff, how-

ever, did not affirmatively waive any rights under its mortgage, nor did it affirmatively agree to the sale of the wheat by Miller or to the payment to him of the $2,600. It did not take any affirmative steps concerning these matters. The stipulation of facts recites that the contract of sale between Miller and the defendant and the various mortgages and other instruments were attached to it, but they do not appear in the record here. After the trial of this action, the court handed down a memorandum opinion in which it held that the appellant, by the foreclosure of its mortgage on the wheat, had waived its right to maintain this action. It also provided that findings should be prepared, but if they were made they are not a part of this record. Ultimately the court made a judgment dismissing the action with prejudice. The respondent has not favored us with any appearance in this court.

It is clear to us that the judgment must be affirmed. The receiver, appointed at the instance of the appellant, elected to, and did, repudiate the agreement to sell the wheat to respondent. He took actual possession of the wheat and sold it as the property of Miller. The appellant, by foreclosing its mortgage and procuring the receiver to take possession of and sell the wheat, and by accepting the benefits of such action, elected to, and did, repudiate the sale to the respondent. Having so done, it cannot now take an exactly contrary position and claim that the sale was made to the respondent, and seek damages because respondent failed to carry out the contract of sale. For these reasons the judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and PEMBERTON, JJ., concur.